UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TRAVIS SCOTT DISHNER )
)
V. ) NO. 2:15-CV-47
)
DAVID A. QUILLIN, ET AL )

REPORT AND RECOMMENDATION

This is an action brought pursuant to 42 U.S.C. § 1983 along with pendant state causes of action against the City of Kingsport, Tennessee and various officers. This Court's scheduling order [Doc. 16] was entered on December 1, 2015, setting various dates and deadlines, including the trial date which is May 30, 2017.

On November 30, 2016, plaintiff's counsel filed a motion to withdraw [Doc. 22], asserting that the attorney-client relationship was "damaged beyond repair." The motion was denied without prejudice by this Court because of the failure of plaintiff's counsel to comply with the requirements of Local Rule 83.4(g). On December 29, 2016, plaintiff's counsel filed a second motion to withdraw [Doc. 24]. This time, the requirements of the Local Rules were fully complied with. Counsel attempted to contact the plaintiff at his address and telephone number, with no success. She sent him a certified letter which was returned unclaimed. Plaintiff's telephone number was no longer in service. Counsel stated that she had heard from some source that the plaintiff may be in custody. She requested that the Court permit her to withdraw and for her client to "be given an ample opportunity to find replacement counsel."

On January 10, 2017, this Court granted the second motion to withdraw. In that order [Doc. 25], it was noted that communication had totally broken down between the plaintiff and his counsel, and that he could no longer be reached by her at his address and that his phone had been disconnected. Finding that the requirements of Local Rule 83.4, were satisfied, counsel was permitted to withdraw. Plaintiff was given until February 24, 2017, within which to either obtain new counsel or advise this Court that he would represent himself. The order advised the plaintiff that if he "does not take either of these steps on or before February 24, 2017, the Court will recommend that the case should be DISMISSED in its entirety under Fed. R. Civ. P. 41 for failure to prosecute." *Id*. A copy of the order was mailed to the plaintiff at his last known address. As of this date, February 28, 2017, there has been no appearance by new counsel or communication from the plaintiff that he wishes to represent himself.

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although the rule itself refers to a motion by a defendant in the case, the Sixth Circuit has held that "[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal." *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962). *Link* itself held that "[N]either the permissive language of the Rule – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the Courts, acting on their own initiative to clear their calendars of cases that have

remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 629-630. The Sixth Circuit in *Carter*, however, reversed the dismissal of the suit by the trial court because, although the actions of that plaintiff's attorney which led to the dismissal of the case "were wholly insufficient…," the plaintiff was "blameless." *Carter, supra*, at 161. It also stated that dismissal should be ordered "only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* citing *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978). The case was "remanded to permit plaintiff a short and reasonable period within which to comply with the district court's orders." *Id.* In *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988), a case which involved a pro se plaintiff, the court stated "[i]n the Sixth Circuit, we have frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders *when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.*" (emphasis added). The *Harris* panel reversed and remanded because there had been no such warning of dismissal, and because the pro se plaintiff had filed a motion to reconsider which the trial court summarily denied. *Id*.

In the present case, the plaintiff failed to stay in contact with his attorney, and did not keep her apprised of his whereabouts or how he could be contacted so she could advise him on the status of his case. Also he was warned in the last order of this Court sent to the only address available that dismissal would be recommended unless he either obtained substitute counsel or advised that he would be representing himself. His lawyer, and this Court, have done all that could reasonably have been done to keep this case

3

from, in the language of *Link*, *supra*, remaining "dormant because of the inaction or dilatoriness of the parties seeking relief." *Link,* 370 U.S. at 629-630. It has been three months since his attorney first moved to withdraw, and longer than that since the plaintiff went incommunicado. Even if he is, as his former counsel was advised, in custody somewhere, he or someone on his behalf could have contacted her by mail or possibly by telephone. Such a total failure by a party to advise his lawyer or the Court in which he is a party to a suit of his whereabouts should surely fit the definition of "contumacious" conduct.

Dismissal is a harsh remedy. However, with the plaintiff failing to fulfill his elemental duty of keeping in touch, this case is stagnating, and the stagnation is prejudicial to the defendants as memories grow cold and witnesses scatter. There is no lesser sanction to move the case forward. Therefore, the Court respectfully recommends that the case be dismissed.[1]

As with the prior order, the Clerk is directed to mail a copy of this report and recommendation to:

Travis Dishner
1000 Stonegate Rd. Apt. F14
Kingsport, TN  37660

                              Respectfully submitted:

                              s/ Clifton L. Corker
                              UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).